UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADEBOWALE SHEBA, | Civil Action No. 16-230 (SDW) |
| Petitioner, | |
| v. | OPINION |
| CHARLES GREEN, et al., | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Adebowale Sheba, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). The Government filed a response to the petition (ECF No. 6), to which Petitioner has replied (ECF No. 7). For the following reasons, this Court will dismiss the petition without prejudice as Petitioner has failed to exhaust his administrative remedies by seeking parole.

**I. BACKGROUND**

Petitioner, Adebowale Sheba, is a native and citizen of Nigeria who entered this country illegally sometime prior to November 1993. (Document 1 attached to ECF No. 1 at 1, 11). In January 1997, Petitioner applied for lawful permanent resident status. (*Id.* at 1). Before that application had been ruled upon, Petitioner filed a request for and was granted advance parole in January 2001 so that he could travel abroad without abandoning his application. (Document 8 attached to ECF No. 6). Following Petitioner's travels abroad, he returned to this county on January 3, 2002, arriving at JFK airport in New York. (Document 2 attached to ECF No. 6 at 4). Upon his return, Petitioner's pre-admission inspection was deferred until mid-February, as

1

Petitioner had previously pled guilty to several offenses including theft by deception and credit card fraud in January 2001 and immigration officials needed time to obtain Petitioner's July 2012 judgment of conviction before determining whether he was admissible. (Document 1 attached to ECF No. 6; Document 2 attached to ECF No. 6 at 4; Document 3 attached to ECF No. 6). Although Petitioner was permitted to physically enter the country pending a determination on his legal admissibility following inspection, Petitioner was not legally admitted into the United States for immigration purposes at that time. (Document 1 attached to ECF No. 6; Document 2 attached to ECF No. 6 at 1, 4). Petitioner failed to appear for his delayed inspection, and his application for LPR status was ultimately denied in December 2003. (Document 1 attached to ECF No. 1 at 2; Document 2 attached to ECF No. 6 at 4).

On March 15, 2005, immigration officials initiated removal proceedings against Petitioner on the basis of his being an arriving alien who had not been admitted into the country for immigration purposes who had a prior conviction for a crime of moral turpitude. (Document 2 attached to ECF No. 6). Those removal proceedings were at least temporarily terminated so that Petitioner could again attempt to apply for LPR status by seeking a waiver of his inadmissibility based on his prior convictions. (Document 1 attached to ECF No. 1; Document 7 attached to ECF No. 6). It is not clear from the record whether Petitioner did so apply at that time. What is clear, however, is that Petitioner has not as of yet been granted LPR status as he reapplied for such status in August 2015. (Document 1 attached to ECF No. 1).

On January 31, 2011, immigration officials issued a second notice to appear charging that Petitioner was an arriving alien who had not been admitted into the United States who had a prior moral turpitude conviction and was excludable/removable as such. (Document 4 attached to ECF No. 6). Before Petitioner could be taken into custody based on that notice, however, Petitioner

was convicted of conspiracy to defraud the United States in violation of 18 U.S.C. § 286 in this Court. (Document 5 attached to ECF No. 6). Petitioner received a sentence of seventy two months imprisonment for that conviction. (*Id.*). On April 6, 2015, immigration officials took Petitioner into custody upon his release from prison in Texas on his federal fraud conviction, and Petitioner was served with the 2011 notice to appear. (Document 6 attached to ECF No. 6). Petitioner has, since that time, remained in immigration custody in the Essex County Jail in Newark, New Jersey. (*Id.*).

According to a certification provided by Deportation Officer Pedro E. Martins, Petitioner first appeared before an immigration judge in May 2015, but his case has been postponed on numerous occasions to permit Petitioner to acquire counsel and apply for asylum or withholding of removal if he so chose. (Document 1 attached to ECF No. 6). Although Petitioner has been detained pursuant to a notice to appear which charges that he is an arriving alien who was never admitted because of his failure to appear for inspection in 2002, Petitioner has not applied for parole since being placed into immigration detention. (*Id.*). On January 12, 2016, Petitioner filed his instant habeas petition, alleging that he was detained pursuant to 8 U.S.C. § 1226(c) as an alien who is removable on the basis of his criminal convictions and that his detention has exceeded the authorization provided by that statute. (ECF No. 1). Following several extensions, the Government responded on April 25, 2016, arguing that Petitioner is actually detained pursuant to 8 U.S.C. § 1225(b)(2)(A) as an arriving alien who was not admitted into the United States, and that Petitioner is therefore not entitled to a bond hearing pursuant to *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), and *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011). (ECF No. 6). Petitioner filed a reply on or about May 9, 2016, in which he continues to assert that he is detained pursuant to § 1226(c), relying largely on a document in which

3

he requested a *Joseph* hearing.  (ECF No. 7).  Petitioner does not assert that he has ever requested parole since being placed into immigration custody.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

Before this Court can determine whether Petitioner is entitled to relief, the Court must first determine the statutory basis for his detention.  In this matter, the parties agree that Petitioner is not yet subject to a final order of removal, and as such Petitioner's detention arises out of either 8 U.S.C. § 1226(c) or 8 U.S.C. § 1225(b)(2)(A).  Section 1226(c) would apply to Petitioner's detention if, prior to being taken into custody, he had effected an entry into this country and was thereafter being removed because of his criminal convictions. *See, e.g., Leslie v. Attorney Gen. of United States*, 678 F.3d 265, 269-70 (3d Cir. 2012).  Section 1225(b)(2)(A) instead controls the detention of those aliens "who [are] an applicant for admission."  Specifically, § 1225(b)(2)(A)

4

provides that where "an alien who is an applicant for admission [seeks legal entry into the country], if the examining immigration officer determines that [the] alien is not clearly and beyond doubt entitled to be admitted, the alien shall be detained for [removal proceedings]." An arriving alien is not deemed to have been admitted into the United States, and thus remains an applicant for admission, until after he has been inspected and authorized to enter the country by immigration officials, and an alien who is paroled for later inspection is not deemed to have been admitted or to have legally entered the country. *See, e.g.,* 8 U.S.C. § 1101(a)(13)(A)-(B); 8 U.S.C. § 1225(a)(1).

Section 1226(b)(2)(A) does not expressly provide for bond hearings, and the regulations which apply to aliens detained pursuant to § 1225(b)(2)(A) expressly prevent an immigration judge from holding a bond hearing for such aliens. *See* 8 C.F.R. § 1003.19(h)(2)(i)(B). Although the statute does not permit a bond hearing, an alien detained under that section may be paroled into the United States if the Department of Homeland Security determines "on a case-by-case basis" that "urgent humanitarian reasons or significant public benefit" so warrant. *See* 8 U.S.C. § 1182(d)(5)(A). That statute, however, provides that "such parole . . . shall not be regarded as an admission of the alien and when the purposes of such parole . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.* It is thus clear that the question of which statute controls Petitioner's detention can only be answered by determining whether Petitioner, upon his most recent return to the United States, was ever actually admitted into the country, or was merely paroled without being admitted. *See, e.g., Okonkwo v. I.N.S.*, 69 F. App'x 57, 59-60 (alien who was paroled but not admitted subject to detention under § 1225(b)(2)(A)); *see also Bernard v. Green*, 2016 WL

2889165, at *2-3 (D.N.J. May 18, 2016); *Basra v. Napolitano*, 2010 WL 1027410, at *2-3 (D.N.J. Mar. 17, 2010).

In this case, Petitioner most recently arrived in this county in January 2002. At that time, Petitioner was not admitted into this country, but instead was subject to a deferred inspection and determination of his admissibility in February 2002. Petitioner did not attend that meeting, and thus despite having been initially detained at the border in the form of JFK airport and being subject to inspection prior to legal admission, Petitioner did not attend his inspection and thus was never legally, as opposed to physically, admitted into the country for immigration purposes. *See* 8 U.S.C. § 1225(a)(1); 8 U.S.C. § 1225(b)(2)(A); 8 U.S.C. § 1101(a)(13)(A)-(B); *Bernard*, 2016 WL 2889165 at *2-3. As such, Petitioner remains, legally, an applicant for admission who has not been admitted, and indeed has been charged with inadmissibility by immigration officials. As Petitioner has never been admitted, he is not deemed to have entered the United States for immigration purposes and thus his detention is controlled by § 1225(b)(2)(A), and not § 1226(c) which applies to those who have, for immigration purposes, entered the country prior to being taken into custody. *Id.*; *see also Kay v. Reno*, 94 F. Supp. 2d 546, 554 (M.D. Pa. 2000) (describing the "entry fiction" which holds that an alien who is not admitted upon being detained at his arrival at the border legally remains at the border even after he has physically entered the United States).

Because this Court concludes that Petitioner has not been admitted and is thus detained under § 1225(b)(2)(A), an additional issue arises which would prevent this Court from addressing Petitioner's current habeas petition on the merits. As with all habeas petitioners, an immigration detainee seeking review of his detention by this Court via a writ of habeas corpus must first exhaust his administrative remedies before pursuing his habeas petition. *See Yi v. Maugans*, 24 F.3d 500, 503-04 (3d Cir. 1994); *see also Okonkwo*, 69 F. App'x at 59-60; *Bernard*, 2016 WL 2889165 at

6

*3. In order to exhaust his administrative remedies, an alien who is detained pursuant to § 1225(b)(2)(A) must, at the very least, seek parole pursuant to the statute by requesting such relief from the Government. *Okonkwo*, 69 F. App'x at 59-60; *Bernard*, 2016 WL 2889165 at *3. According to the certification provided by the Government, Petitioner has not done so, and Petitioner has not asserted that he has ever sought parole. Given the fact that Petitioner continues to assert that he is detained pursuant to § 1226(c), this is not entirely surprising. Petitioner's misunderstanding, however, does not affect the fact that his failure to seek parole renders his administrative remedies unexhausted, and his habeas petition in turn premature. *Okonkwo*, 69 F. App'x at 59-60; *Bernard*, 2016 WL 2889165 at *3. As Petitioner has failed to exhaust his administrative remedies, this Court must dismiss his petition without prejudice. *Yi*, 24 F.3d at 503-04; *Okonkwo*, 69 F. App'x at 59-60; *Bernard*, 2016 WL 2889165 at *3.

**III. CONCLUSION**

For the reasons stated above, this Court will dismiss Petitioner's habeas petition without prejudice for failure to exhaust his administrative remedies. An appropriate order follows.


Dated: July 7, 2016                              *s/ Susan D. Wigenton*
                                                 Hon. Susan D. Wigenton,
                                                 United States District Judge